**Van B. BULLARD, Appellant,**

v.

**R. E. BROADWELL et al., Appellees.**

**No. 5339.**

Court of Civil Appeals of Texas,
Eastland.

Aug. 23, 1979.

Rehearing Denied Oct. 4, 1979.

Stephen H. Suttle, Abilene, for appellant.

Charles R. Griggs, Sweetwater, John Hill, Houston, for appellees.

DICKENSON, Justice.

The primary purpose of this lawsuit is to establish the rights and duties, as between themselves, of the owners of the oil, gas and minerals in a certain tract of land. Van B. Bullard acquired an undivided one-third mineral interest, subject to his grantor's right to execute oil, gas and mineral leases. R. E. Broadwell and wife acquired all of the surface ownership in this tract of land, an undivided two-thirds mineral interest, and the right to execute leases which would bind the entire mineral interest.

R. E. Broadwell and his family drilled a producing oil well. They sought to pay Bullard one-third of the usual one-eighth royalty on oil and gas produced from the jointly owned tract. There is no valid oil

and gas lease, and Bullard insists that he should receive one-third of the value of all oil and gas produced, less one-third of the expenses of drilling, completing and operating the oil well.

After a nonjury trial, the district court entered judgment that Bullard was only entitled to recover "an amount of money equal to one-third of the usual and customary one-eighth royalty." Bullard appeals. We reverse and remand with instructions.

■ Bullard's first four points of error contend that the trial court erred in entering judgment that he is entitled to only a royalty interest of one-third of one-eighth of the oil and gas. We agree.

Our Supreme Court stated in *Cox v. Davison,* 397 S.W.2d 200 (Tex.1965):

> The Texas rule is that a cotenant who produces minerals from common property without having secured the consent of his cotenants is accountable to them on the basis of the value of the minerals taken less the necessary and reasonable cost of producing and marketing.

Broadwell did not secure Bullard's consent to the exploration and production of oil from this tract by the Broadwell family. We feel that *Cox v. Davison,* supra, is controlling. Broadwell had the right to execute oil, gas and mineral leases which would bind the interest owned by Bullard, but the trial court found that the lease executed by Broadwell had expired. Neither side appealed that portion of the judgment. The provision in the mineral deed to Bullard for one-third of all royalty was conditioned upon "the terms of any such lease or leases." In the absence of a valid lease, Bullard is not limited to one-third of the royalty interest; he is entitled to a full one-third mineral interest, less his pro rata share of the reasonable costs of producing and marketing the oil and gas.

Broadwell insists that *Cox v. Davison,* supra, is not controlling and that Bullard should be treated as a cotenant who has "consented by implication" to the development of the property by his cotenant and is, therefore, due only an undivided one-third

of the usual one-eighth royalty. We cannot agree. It is true that Broadwell had the right to execute oil and gas leases under which Bullard would share pro rata in all of the benefits, but this right does not give Broadwell and his family the right to develop the property and retain all of the benefits except for the 1/24 royalty which they concede to Bullard. See *Portwood v. Buckalew,* 521 S.W.2d 904, at 911 (Tex.Civ.App. —Tyler 1975, writ ref'd n. r. e.).

Broadwell admits that he has found no Texas case dealing with this exact problem, but he cites 2 Williams and Meyers, Oil and Gas Law § 329 (1959) which discusses production by a mineral owner without a lease where there is an outstanding "non-executive mineral interest." The authors *suggest* that the mineral owner who secures production must account to the non-executive mineral owner for a portion of gross production determined by multiplying the non-executive's fractional interest times the usual royalty in the area. The authors cite no cases for their suggestion, and they concede that:

> If the interest is considered a concurrent interest, and its owner a cotenant, then the cotenancy rule could be applied. Under this rule, the non-executive mineral owner would take his fraction of gross production less his fraction of the cost of drilling, equipping and operating the wells.

We decline to follow the authors' suggestion, and we hold that the cotenancy rule applies.

■ The fifth point of error contends that Broadwell breached his fiduciary duty to Bullard by giving a lease to his son and taking a reassignment of that lease. This point has become moot and will not be discussed in view of the trial court's holding that the lease had expired before the commencement of operations.

The sixth point of error contends that the trial court erred in failing to hold that Bullard was entitled to recover from Summit Gas Company, the oil purchaser, the value of one-third of the oil produced from the land, plus interest, as a result of the

purchaser's "knowing conversion" of the oil. The record does not show that Summit converted any oil belonging to Bullard, and this point of error must be overruled. Broadwell and his family had the right to sell all of the oil produced until they recovered all of the reasonable costs of drilling, completing and operating the oil well on this tract of land. Moreover, the trial court's judgment provides that "certain funds accruing from the sale of oil and gas" from this tract are to be paid to the District Clerk and invested at interest pending the appeal of this case. These would appear to be the funds attributable to Bullard's mineral interest.

The judgment of the trial court is reversed, and the cause is remanded with instructions for an accounting on the basis that R. E. Broadwell and family are entitled to recover all of the reasonable and necessary costs of drilling, completing and operating the oil and gas well on this tract and that Van Bullard is to then recover the value of one-third of all oil and gas production, less his pro rata share of the reasonable costs of producing and marketing the oil and gas.